OLIVE STENGEL, *et vir*, v. THOMAS M. BIGGAR.

176 So. 786.
Division B.
Opinion Filed Octoer 20, 1937.
Rehearing Denied November 27, 1937.

*Paul Pinkerton,* for Plaintiffs in Error;

*Henderson & Franklin,* for Defendant in Error.

CHAPMAN, J.—The parties will be referred to as they appeared in the court below as plaintiff and defendant. The record shows that the plaintiff on April 6, 1935, obtained in the Circuit Court of Lee County, Florida, a judgment in the total sum of $3,753.68 against the said defendant. On October 22, 1935, a writ of execution issued on

said judgment commanding the Sheriff of Lee County, Florida, to levy on the goods, chattels, lands and tenements of the defendant. On January 6, 1936, said writ of execution was returned to the office of the Clerk of the Circuit Court of Lee County with a return as made thereon by the Sheriff of said county to the effect that a levy on certain real estate as described in the return as the property of the defendant had been made and the same duly advertised, as required by law and sold at sheriff's sale and a deed made to the purchaser who was the plaintiff below.

On February 1, 1936, plaintiff filed in the court below a petition for supplementary proceedings in aid of execution as authorized by Sections 4540, 4542, 4543, etc., of C. G. L. 1927. On January 30, 1936, the court made an order thereon appointing Attorney C. Q. Stewart as Commissioner to take or hear the evidence and report the same to the court with findings both as to law and fact.

Pursuant to said order the parties appeared by their attorneys before the Commissioner and the defendant below as well as his said wife were sworn and interrogated fully as authorized by the statutes, *supra*. The evidence was reduced to writing and after the conclusion thereof, findings as to law and fact by the Commissioner were made, argument of counsel having been waived, the same reduced to writing and signed and by the Commissioner filed in the cause.

The findings as made and filed by the Commissioner were excepted to by counsel for plaintiff on numerous grounds unnecessary to recite in this record. The cause was heard by the court below on said exceptions to the Commissioner's report and after consideration thereof each of the said exceptions were by the lower court denied and the same order approved and confirmed, the report and findings

both as to law and fact as made by the said Commissioner previously appointed. From this said order a writ of error was sued out and several assignments of error made and insisted upon here for the reversal thereof.

The question to be considered by this Court is: Did the lower court err in making and entering its order denying the exceptions to the Commissioner's report as filed by the plaintiff and approving and confirming the same? It will be observed that each of these exceptions raise largely questions of fact, the law of the case being well settled. The burden is on the plaintiff to show affirmatively error committed on the part of the lower court and upon failure so to do it will be the duty of this Court to affirm the judgment appealed from.

The defendant was fully examined by counsel for plaintiff and each property item owned by the defendant inquired into. It is true he owned some property, but it was pledged for the payment of money loaned. The stock in the corporation while small was not shown to be of very much value. He had borrowed money with which to carry forward his farming operations. His wife was loyal and faithful and while it appeared that she owned stock in the corporation, it was obtained by her for wages as clerk in the office of the corporation. It is academic that the property of the wife cannot be levied upon to pay the husband's debts. Section 5866 C. G. L., 3947 R. G. S., reads as follows:

"Right to Separate Property.—All property real and personal of a wife, owned by her before marriage or lawfully acquired afterward by gift, devise, bequest, descent, or purchase shall be her separate property, and the same shall not be liable for the debts of her husband without her consent

given by some instrument in writing executed according to the law respecting conveyances by married woman."

Alston v. Rowles, 13 Fla. 117.

The findings of the Commissioner and Court on the law and facts and the order of the Court approving and confirming the same are to be by this Court given weight and proper consideration. Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc., Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

Counsel for the plaintiff here cite Lindstrom v. Sauer (La.), 166 So. 636; Mayer v. Eastwood-Smith Co., 122 Fla. 34, 164 So. 684; Third Avenue Co. v. Keely, 111 Fla. 46, 149 So. 30; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 So. 560, and cases cited; South Florida Citrus Land Co. v. Waldin, 61 Fla. 766, 55 So. 862, and insist that these decisions should rule the case at bar. We have considered each of these decisions and find no conflicts with the rule enunciated here. The order or judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.