PER CURIAM.
Koren Kreedian, plaintiff below, appeals a final decree entered in two consolidated cases. The chancellor granted the defendant’s motion to dismiss, after the plaintiff rested, upon the ground that “insufficient evidence had been presented by the plaintiff to entitle him to any relief * * ⅜»
Suit was instituted by a minority shareholder complaining of corporate mismanagement and watering down of stock designed to squeeze him out of the corporations involved. Pie requested that the stock issue be declared illegal and prayed for a receivership, injunction and corporate dissolution. The question before the chancellor was whether the minority shareholder was entitled to relief.
The decision of a chancellor carries with it the presumption of correctness upon appellate review. It therefore devolved upon the plaintiff to demonstrate on appeal that the decision was clearly erroneous. Joyner v. Andrews, Fla.App.1962, 137 So.2d 870. This he failed to demonstrate.
A comprehensive review of the record reveals no error or abuse of discretion of the chancellor in dismissing the complaint. The allegations are replete with conclusions and paper issues. We find no merit in plaintiff’s contentions which would justify a reversal of the chancellor’s findings and accordingly no good purpose would be accomplished by further elaboration. See Curtis v. Briscoe, Fla.App.1961, 129 So.2d 450; Jones v. Harvey, Fla.1955, 82 So.2d 371; Freedman v. Fox, Fla.1953, 67 So.2d 692; 7 Fla.Jur., Corporations, § 356.
No corporate mismanagement having been demonstrated and, viewing the evidence in the light most favorable to the plaintiff, we conclude that there was no sufficient evidence upon which the chan *551 cellor could have found for the plaintiff. Martin v. Thompson, Fla.App.1960, 124 So.2d 744.
Affirmed.
SHANNON, C. J., and KANNER and WHITE, JJ., concur.