187 So.2d 380 (1966)
Richard B. MARX, Appellant,
v.
Theodore GOLDFINGER, Appellee.
No. 65-730.
District Court of Appeal of Florida. Third District.
June 7, 1966.
Rehearing Denied June 28, 1966.
Frank & Strelkow and Richard B. Marx, Miami Beach, for appellant.
Feibelman, Friedman, Hyman & Britton, Fort Lauderdale, for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
This is an appeal by Richard B. Marx, the defendant below, from a final judgment entered in favor of the plaintiff, Theodore Goldfinger.
The defendant, a licensed stock broker, was the owner of a brokerage firm which did business as R.B. Marx & Co., Inc. A large amount of stock in the L.F. Popell Company, Inc. had been purchased by the defendant's brokerage firm. The plaintiff was a customer of the defendant's firm and also a substantial investor in the stock of L.F. Popell Company, Inc.
Due to financial problems resulting from a decrease in the value of the Popell stock, the defendant, Richard B. Marx, contacted the plaintiff and requested a loan of a number of shares of Popell stock. The shares of stock were allegedly to be used as security for a bank loan. The plaintiff delivered 4200 shares of Popell stock to the office of the defendant and received a receipt for the stock signed by the bookkeeper of the defendant's firm.
While there was a conflict as to the date agreed upon for the return of the stock, the *381 plaintiff wrote on the receipt for the stock that it was to be returned within ten days. The plaintiff made several demands for the return of the stock, but it was not delivered as promised. Thereafter, on July 16, 1963, the defendant wrote a letter to the plaintiff, in which he stated: "As you are aware, I borrowed 4200 shares of the L.F. Popell Company, Inc., Common Stock, from you last week with the understanding that it would be returned shortly.", and explained the situation, indicating that the shares could not be returned as promised.
Shortly thereafter, the brokerage firm operated by the defendant failed, and was placed into receivership. All the assets of the firm were taken over by a federal receiver. When his stock was not returned, the plaintiff filed the instant action, seeking damages from the defendant for the conversion of the stock certificates. After hearing the evidence, the trial court, sitting without a jury, rendered final judgment for the plaintiff in the sum of $21,779.79, including interest. It is from this final judgment that the defendant appeals.
The defendant on appeal contends, in essence, that the record does not contain substantial competent evidence to sustain the findings of the trial court.
The evidence in this case was disputed on practically all of the issues involved therein. These issues were resolved in favor of the plaintiff by the trial judge, whose duty it was to reconcile conflicts and evaluate testimony, to judge credibility of witnesses, and determine the reasonableness and weight of the evidence presented. In re Lohbiller's Estate, Fla.App. 1959, 113 So.2d 248.
These findings of the trial court then come to this court clothed with the presumption that they are correct, Winchester v. Florida Electric Supply, Inc., Fla.App. 1964, 161 So.2d 668, and should not be disturbed unless they are clearly erroneous. Goldstein v. Stone, Fla.App. 1957, 96 So.2d 227. The appealing party has the burden of demonstrating that the decision is clearly erroneous. Kreedian v. BCK Land, Inc., Fla.App. 1962, 145 So.2d 550.
The defendant has failed to demonstrate that this decision is clearly erroneous, and we find that there was substantial competent evidence to sustain the findings of the trial court.
The decision of the trial court is therefore
Affirmed.