CARROLL, Judge.
The appellant Rose R. Swartz, who was the plaintiff below, obtained a judgment against the appellee-defendant Anna Lip-sky on March 25, 1969, in the amount of $4,800 plus $138.65 costs. In supplementary proceedings under § 56.29 Fla.Stat., F.S.A., an order was entered on June 10, 1969, in which the trial court found the defendant had made a fraudulent transfer of $37,000 to her non-resident daughter,[1] and found that notwithstanding the defendant had made advance payment of a year’s rent in a hotel in Dade County, upon learning service upon her was being sought in said proceedings she had departed this state to avoid service and was residing with her *449 non-resident daughter. The order concluded by holding the defendant in contempt and imposing a 30-day jail penalty, with leave to purge the contempt by payment of the judgment within 14 days.
A petition for rehearing filed by the defendant was granted, by an order in which the defendant was directed to appear before the court at a stated time to be examined in the pending proceedings under § 56.29. Upon the subsequent hearing the court entered an order on January 22, 1970, from which the plaintiff filed this appeal. Therein the court held that the previously determined fraudulent transfer was “legal and protected” because it was shown to have been made more than a year prior to the judgment.[2]
The provision of the statute upon which that order was based, § 56.29(6) (a) Fla. Stat., F.S.A., provides:
“When defendant has had title to or paid the purchase price of any personal property within one year before issuance of execution to which his wife or any relative or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him was not made to delay, hinder or defraud creditors.”
The appellant contends, and correctly so, that the order appealed from represents a misapplication of the statutory provision in question. Subsection (6) (a) of section 56.29 does not operate to exempt fraudulent transfers of personal property which are made more than a year prior to execution. Its effect is to impose upon the defendant a burden of proof, as to personal property owned or paid for by the defendant within a year prior to execution the title or right to possession of which is claimed at the time of examination by a spouse or a relative or one on confidential terms with the defendant, to establish that such transfer or gift was not made to delay, hinder or defraud creditors. Where that situation exists as to personal property prior to but not within that one year period, the defendant does not have such burden to show propriety, but the plaintiff may show fraudulent transfer was made thereof.
Accordingly, the order appealed from is reversed, and the cause is remanded for further proceedings.

. The finding of the court in that regard was as follows:
“It affirmatively appears from the sworn testimony of the Defendant, in her deposition on supplementary proceedings, willfully, knowingly and fraudulently transferred $37,000.00 of the purchase price of the real estate involved in the above styled proceedings to her daughter . Harriet Benson at 215-20 23rd Road, Bayside, Long Island, New York, and that the purpose of said transfer was a deliberate contrivance, scheme, artifice and device by the Defendant, Anna Lip-sky, to delay, hinder and defraud the Plaintiff as well as to defy and defeat the authority and dignity of this Court and the jury which rendered judgment against the Defendant.”

. “Ordered and Adjudged that upon Defendants showing that the transfer of assets which were the subject matter of the hearing, were made Sixteen (16) months prior to Plaintiff’s obtaining Final Judgment that the Order of this Court entered on the 10th day of June, 1969 be and the same is hereby vacated and further that the relief demanded by Plaintiff under F.S. 56.29 be and the same is hereby denied. In the judgment of the court there was fraud committed but it was legal and protected by the Florida Statute.”