276 So.2d 248 (1973)
Julia C. MITCHELL, Appellant,
v.
MORSE OPERATIONS, INC., et al., Appellees.
No. 72-843.
District Court of Appeal of Florida, Third District.
April 10, 1973.
Rehearing Denied May 7, 1973.
*249 Eugene J. Howard and Herbert Seidel, Miami, for appellant.
Joseph I. Davis, Stephens, Magill, Thornton & Sevier and John P. Wiederhold, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal from a final judgment in a non-jury trial entered in favor of defendants in an action for negligence.
Plaintiff, Mrs. Mitchell, purchased from defendant Friendly Ford a new automobile which was financed through the First National Bank of Miami. The title was placed in plaintiff's name, but both she and her husband, as required, signed the security agreement for financing. The bank required credit life insurance. Accordingly, an insurance policy was issued in the name of, and on the life of, plaintiff Mrs. Mitchell, who the record reveals upon purchase of the automobile failed to designate who the insured would be on the credit life insurance policy. Her husband died approximately six months later. Thereafter plaintiff attempted to collect on the policy, but was informed it was issued on her name only. She then filed action for damages against Morse Operations, Inc. and Cecil Holland Ford, Inc. d/b/a Friendly Ford Co., First National Bank of Miami, and Fidelity Life Association of Fulton, Illinois. Summary judgment was awarded to defendant First National Bank of Miami before trial and it is not a party to this appeal. Judgment was entered for defendants and plaintiff appealed.
Plaintiff contends that the trial court erred in holding that plaintiff failed to sustain her burden of proving the defendants negligent.
The judgment rendered in a non-jury trial is presumed correct and the trial judge's findings have the quality of a jury verdict. Marks v. Insurance Service Bureau, Inc., Fla.App. 1972, 262 So.2d 450; Bardee Corp. v. Arnold Altex Aluminum Co., Fla.App. 1961, 134 So.2d 268. Upon appeal it comes to this court clothed with a presumption of correctness and the burden rests upon the appellant to make error clearly appear. Marks, supra; Hall v. Hall, Fla.App. 1961, 135 So.2d 432; Gars v. Woodard, Fla.App. 1968, 214 So.2d 385.
No reversible error having been made to appear, the judgment appealed is hereby affirmed.
Affirmed.