317 So.2d 801 (1975)
Emma BALL, Appellant,
v.
Balint PAPP, Appellee.
No. 74-98.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
*802 Ralph G. Decker, Davids, Decker, Henson & Hadley, Orlando, for appellant.
Monroe E. McDonald and Wilson Sanders, Sanders, McEwan, Mims & McDonald, Orlando, for appellee.
NANCE, L. CLAYTON, Associate Judge.
The appellant, Ball, instituted a Supplementary Proceeding under Fla. Stat. § 56.29 (1973) against the appellee, Papp, as defendant in execution. Appellant, plaintiff in execution, impleaded defendant's wife, Elizabeth, as a third party, in an effort to execute upon corporate stock to satisfy a judgment of $80,440.80, entered in an assault and battery action. The alleged fraudulent conveyance or transfer of stock from Papp to his wife transpired on or about December 9, 1970, the assault and battery action was instituted and summons served upon the defendant May 25, 1972, and judgment was entered in favor of plaintiff and against defendant on or about March 6, 1973, and execution thereon was delivered to the sheriff on March 13, 1973.
Mrs. Papp, the impleaded wife, responded to the rule and the matter proceeded to *803 final hearing. The plaintiff in execution attempted to show "badges" or indicia of fraud on the part of the defendant in execution and the impleaded third party, his wife, as against the plaintiff judgment creditor. At the conclusion of the plaintiff's case, the Court found in favor of the respondents and against the plaintiff from which ruling the plaintiff has brought this appeal.
Although the parties have denominated this proceeding as an Interlocutory Appeal, because this is a separate and distinct supplementary proceeding from the case in which the original judgment is entered, and the order entered herein is a final judgment, this is a full appeal. Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); Advertects, Inc. v. Sawyer Industries, 84 So.2d 21 (Fla. 1955); Richard v. McNair, 121 Fla. 733, 164 So. 836 (1935); State ex rel. Phoenix Tax Title Corporation v. Viney, 120 Fla. 657, 163 So. 57 (1935); 2 Fla.Jur., Appeals, § 3 (1963).
Appellant has raised two points on appeal: first, that the Court erred in failing to find a prima facie case of fraudulent transfer and thereby granting appellee's Motion to Dismiss and Discharge the Rule to Show Cause; and, second, that the Court erred in failing to award costs to the appellant, plaintiff in execution, against the defendant in execution.
We affirm the judgment of the Court below on appellant's first point.
Florida Statute § 56.29(6)(a) in effect at the commencement of the action, placed the burden upon the defendant in execution to establish that such a transfer from him within 1 year before issuance of execution, was not made to delay, hinder or defraud creditors, but the Legislature amended this statute effective July 1, 1972, placing the burden of proof upon the defendant in execution to establish that such a transfer within 1 year before the service of process on him, was not made to delay, hinder or defraud creditors.
Clearly, Florida Statute § 56.29(6)(a) did not place the burden of proof upon the defendant in the instant case, when the plaintiff did not secure her judgment until March 1973, and the amendment to the law establishing the burden of proof upon the defendant in execution concerning transfers of property within a 1 year period prior to service of process upon him, cannot be given retrospective effect, in this cause, concerning a transfer occurring over a year before the effective date of the amendment. In fact, the record reflects that the transfer had, in all events, occurred more than 1 year prior to the service of process upon the defendant.
These factors being present, the plaintiff in execution has the burden of proof to establish the alleged fraudulent conveyance. Tischler v. Robinson, 79 Fla. 638, 84 So. 914 (1920); Swartz v. Lipsky, 241 So.2d 448 (3d DCA Fla. 1970); 37 Am.Jur.2d, Fraudulent Conveyances, § 216 (1968).
The Trial Court heard the testimony of the plaintiff in execution, the impleaded third party wife, and another witness (daughter of the plaintiff), and an examination of the transcript and record reflect that there was ample testimony and evidence to support the findings and judgment of the Trial Court.
On review, the burden is upon the appellant to show, affirmatively, error committed on the part of the Trial Court, and upon failure to do so, the Appellate Court must affirm the judgment appealed from. Punkar v. King Plastic Corporation, 290 So.2d 505 (2nd DCA Fla. 1974); Mart v. Leibman, 281 So.2d 367 (3rd DCA Fla. 1973); Manis v. Prudhomme, 278 So.2d 292 (4th DCA Fla. 1973); Mitchell v. Morse Operations, Inc., 276 So.2d 248 (3rd DCA Fla. 1973); Haller v. Santona Land Corporation, 275 So.2d 591 (1st DCA Fla. 1973); American Motor Inns of Florida, Inc. v. Bell Electric Co., 260 So.2d 276 (4th DCA Fla. 1972); Staton v. Staton, 231 So.2d 531 *804 (1st DCA Fla. 1970); Citrus Engineering, Inc. v. Sims Crane Service, Inc., 231 So.2d 265 (2nd DCA Fla. 1970); Mank v. Hendrickson, 195 So.2d 574 (4th DCA Fla. 1967); Kreedian v. BCK Land, Inc., 145 So.2d 550 (2nd DCA Fla. 1962); Stengel v. Biggar, 129 Fla. 627, 176 So. 786 (1937); Cobb v. Cobb, 82 Fla. 287, 89 So. 869 (1921); Waterman v. Higgins, 28 Fla. 660, 10 So. 97 (1891); 2 Fla.Jur., Appeals, §§ 314, 316 (1963).
We affirm the judgment of the Court below on appellant's second point.
The Trial Court ordered each party to bear own costs.
Fla. Stat. § 56.29(11) (1973) provides for taxation of costs against the defendant in execution. An exhaustive search for authority discloses no application of award of costs, in private litigation, statutorily authorized, as against the prevailing party, except in domestic cases, such as under Fla. Stat. Chapter 61, Section 56.29(11) presupposes a prevailing plaintiff in execution. Any other view would license and encourage harassment, and fishing expeditions against judgment debtors. Moreover, in the instant case, there cannot be construed statutory authority for an award of costs as against a prevailing impleaded third party.
Further, it would appear that appellant has raised the second point, for the first time, by way of assignments of error, a matter not raised before the Trial Court.
It is uniformly declared policy of Appellate Courts to confine the parties to points raised in the Court below, if the parties had an opportunity to raise them in the Trial Court. 2 Fla.Jur., Appeals, § 290 (1963).
Judgment affirmed.
CROSS, J., concurs.
DOWNEY, J., concurs in part and dissents in part with opinion.
DOWNEY, Judge (dissenting in part).
While the evidence adduced in this case certainly reflected some of the "badges" of fraud in the conveyance in question, I agree with the majority opinion that there is sufficient competent evidence upon which the trial court could conclude that appellant failed to prove a prima facie case. Thus, on the main issue involved in this appeal I would concur in an affirmance.
However, appellant also contends that error was committed in the taxation of costs. Section 56.29(11), F.S. 1973, provides:
"Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees."
Unlike § 57.041, F.S. 1973, the general statute on the recovery of costs by the party recovering judgment, § 56.29(11) mandates in clear, unambiguous language that the defendant in supplementary proceedings shall pay the costs, whether or not he is the prevailing party. The rationale of the legislature in so providing would seem to be evident from the obvious purpose of Chapter 56, F.S., which is, namely, to assist creditors in the collection of their just debts. Moreover, I do not fear that this mandatory statute could lead to harassment of the debtor. While the statute requires the costs to be assessed against the defendant, the amount to be awarded is a discretionary matter with the court, so costs incurred as a result of harassment will surely not be assessed. As a matter of fact, the very section under discussion provides for taxation of only "reasonable and just" items of incidental costs.
I would summarily dispose of appellee's contention that the question of assessment of costs cannot be considered because it was not raised below with the comment: she never had a chance. The final judgment *805 contained a provision that each party pay his own costs. Appellant learned of the entry of the judgment on the last day of the period for filing a petition for rehearing. Certainly there is no requirement to file an ex post facto motion to tax costs.
Accordingly, I would affirm the final judgment in all respects other than the assessment of costs and would remand the cause with instructions that upon appellant's motion, the court tax appellant's appropriate costs against the appellee.