# LEWIS v A. B. MARTIN ROOFING CONTRACTORS, INC.
## Case No. 88-315
Eleventh Judicial Circuit, Dade County
December 5, 1990

### APPEARANCES OF COUNSEL
**Weintraub, Weintraub, Seiden & Orshan,** for appellants.
**Bernard Siegel, Esquire,** for appellee.
Before TENDRICH, SHAPIRO, DONNER, JJ.

### OPINION OF THE COURT

DONNER, J.

This is an appeal from a judgment entered in favor of A.B. Martin Roofing Contractors, Inc. ("Appellee") in an action for breach of contract, breach of warranty and negligence. The case was tried by the court without a court reporter however, a trial record was established pursuant to Rule 9.200(b)(4), Fla.R.App.P.

On September 23, 1976, D. Robert Lewis and Cyra L. Lewis

("Appellants"), entered into a contract with Appellee for the installation of a new roof. On February 11, 1977, the installation of the new roof was completed and pursuant to a separate document, designated "Guarantee", the new roof was warranted against defects in workmanship and material for ten years, or until February 11, 1987.

On or about June, 1986, the roof developed a leak. Appellants contacted Appellee to repair the leak pursuant to the Guaranty. After several unsuccessful attempts, the roof finally seemed to be repaired, as evidenced by Appellants' letter of September 1, 1987. However, several weeks later the roof leaked again and despite Appellants' requests, Appellee performed no further work on the roof.

On approximately October 12, 1987, Hurricane Floyd struck South Florida. Subsequently, Appellants' ceiling collapsed into the living room and they hired another roofer who finally repaired the roof. Appellants, appearing pro se, brought this action in Small Claims Court for damages in the amount of $2,500.00. Appellee was represented by counsel.

The sole issue before this Court is whether the roof was satisfactorily repaired pursuant to the ten year warranty. Appellants contend that the findings of the trial court are contrary to the manifest weight of the evidence and therefore, the lower court committed reversible error. We find merit in this argument.

It is a well established principle that if a judgment is manifestly against the weight of the evidence or contrary to the legal effect of the evidence, the appellate court has the duty to reverse the judgment. *Howell v Blackburn*, 100 Fla. 114, 129 So. 341 (1930).

In the case at bar, Appellants introduced a contract and a guarantee against faulty materials and workmanship for 10 years. There was also testimony that the roof leaked, despite repeated efforts by Appellee to ameliorate the condition. Based on this evidence, Appellants established a prima facie case of breach of contract. Appellee contends that the judgment below should stand because Appellants failed to demonstrate reversible error or override the presumption of correctness of the lower court. Appellee relies on *Leonard v Lawson*, 396 So.2d 1188 (Fla. 4th DCA 1981) (plaintiff failed to demonstrate reversible error where he went to trial without a court reporter and neither the parties nor the court could arrive at a reconstruction of the trial) and *Mitchell v Morse Operations, Inc.*, 276 So.2d 248 (Fla. 3d DCA 1973) (trial court's determination is clothed with presumption of correctness, and [appellant] failed to meet the burden that rested upon her to make reversible error clearly appear).

**21**

The case at bar is distinguishable from *Lawson* and *Mitchell.* Unlike *Lawson,* the lower court painstakingly reconstructed a record of the proceedings below in an effort to aid the appellate court and such efforts are commendable in light of that court's heavy caseload. Although there may be discrepancies and disputes extant with the Record, a Record was nevertheless reconstructed. Furthermore, Appellee's reliance on *Mitchell* is misplaced. In the case under analysis, Appellants presented uncontradicted evidence and testimony that Appellee breached its contract with Appellants. Appellee failed to satisfactorily perform its obligation at law and thus breached its duty to repair the leak pursuant to the contract and guaranty. Despite the fact that the warranty expired as of February, 1987, the Appellee had a duty to repair the damage to the roof which damage occurred within the warranty period.

In addition, the lower court committed reversible error by failing to find that a breach of the warranty was proven by Appellants. The overwhelming weight of evidence in the case at bar demonstrates that: 1) Appellants observed a leak in the roof; 2) Appellee attempted to repair the leak on several occasions; 3) Appellee's attempts to repair the leak were unsatisfactory; and 4) Appellee's attempt to repair the roof even after the warranty expired demonstrates Appellee's cognizance of its liability to satisfactorily repair the roof.

After reviewing the record and evidence presented, this Court finds that Appellee's attempts to repair the roof prior to the expiration of the warranty were unsuccessful and such repairs were faulty by nature. We hold that a faulty repair does not extinguish the warranty and therefore, the judgment below should be reversed and judgment entered for Appellants in the amount of $2,500.00 plus attorneys fees pursuant to Fla. Stat. §§ 627.428 and 627.756.