616 So.2d 527 (1993)
Jesse SNELLGROVE, d/b/a Sunbrella House of Real Estate, Appellant,
v.
N.F. FOGAZZI, a/k/a Frank Fogazzi, as trustee and individually, and Erika Fogazzi, Appellees.
No. 92-0254.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
Rehearing and Clarification Denied May 4, 1993.
*528 James C. Blanton, West Palm Beach, for appellant.
Kenneth A. Marra of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for appellees.
PER CURIAM.
Appellant filed suit to set aside an allegedly fraudulent transfer by Appellee. Appellee moved for summary judgment and the trial court entered Summary Final Judgment in its favor, finding that the action was barred by the statute of limitations contained in the Florida Uniform Fraudulent Transfer Act (FUFTA). We reverse as FUFTA may not be applied retroactively.
In April 1980, Appellant, a licensed real estate broker, was hired by Appellee to sell Appellee's property. He found a buyer and sued Appellee in the fall of 1981 for the commission. Five years later Appellant obtained a judgment against Appellee. In connection with his attempts to obtain satisfaction of the judgment Appellant brought suit to set aside an allegedly fraudulent transfer, dated December 18, 1981 (during the pendency of the previous litigation), deeding Appellee's condominium to himself and his wife as tenants by the entirety. Appellant testified in deposition that he first became aware of the allegedly fraudulent transfer in late 1987. Appellee filed a motion for summary judgment, asserting that Appellant's claim was barred by the statute of limitations. The trial judge granted the motion based upon retroactive application of FUFTA.
Section 726.110, Florida Statutes (1991) provides:
A cause of action with respect to a fraudulent transfer or obligation under ss. 726.101-726.112 is extinguished unless action is brought:
(1) Under s. 726.105(1)(a), within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant.
(2) Under s. 726.105(1)(b) or s. 726.106(1), within 4 years after the transfer was made or the obligation was incurred; or
(3) Under s. 726.106(2), within 1 year after the transfer was made or the obligation incurred.
By its own terms, section 726.110 applies only to claims arising under FUFTA. Thus, the question is whether Appellant's claim is governed by FUFTA or by pre-FUFTA law.
FUFTA was adopted in 1987 under Chapter 87-79. Section 13 of Chapter 87-79 repealed all preexisting fraudulent transfer statutes. Section 14 provides for an effective date of January 1, 1988. The claim in the instant case arose before January 1, 1988, thus Appellant argues that FUFTA does not apply.
The general rule is that a statute is to be applied prospectively, unless the statute is remedial or procedural in nature. E.g. Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (Fla. 4th DCA 1985).
*529 The retroactivity of FUFTA is an issue of first impression. One Florida bankruptcy judge has held that FUFTA is remedial in nature and is to be applied retroactively. In re Gherman, 103 B.R. 326, 331 (Bankr. S.D.Fla. 1989). The bankruptcy judge conceded that it was debatable whether FUFTA applied retroactively. Id. at 331. Other Florida bankruptcy judges have reached the opposite result from the Gherman court. In re Warner, 83 B.R. 807 (Bankr. M.D.Fla. 1988) (statute applies prospectively in absence of clear legislative intent to apply retroactively; statute not within remedial exception because statute clearly creates new rights); In re Smith, 110 B.R. 597 (Bankr.M.D.Fla. 1990) (specifically rejects Gherman reasoning and follows Warner.)
Additionally, courts in other states generally hold that the Uniform Fraudulent Transfer Act (UFTA) does not apply retroactively. See Blankenship v. Meyers, 97 Idaho 356, 544 P.2d 314 (1975); Vinlis Const. Co. v. Roreck, 67 Misc.2d 942, 325 N.Y.S.2d 457 (1971); Production Credit Ass'n of Minot v. Klein, 385 N.W.2d 485 (N.D. 1986); In re Martin, 113 B.R. 949 (Bankr.N.D.Ill. 1990); Towe Antique Ford Foundation v. United States, 791 F. Supp. 1450 (D.Mon. 1992); In re Rachles, Inc., 131 B.R. 782 (Bankr.D.N.J. 1991); In re Fleet, 122 B.R. 910 (Bankr.E.D.Pa. 1990) (specifically noting that In re Gherman is the only case holding to the contrary in all the jurisdictions which have considered the issue). The only cases cited by Appellee that support the result in Gherman are two Illinois appellate decisions, the most recent being Cannon v. Whitman Corp., 212 Ill. App.3d 79, 155 Ill.Dec. 503, 569 N.E.2d 1114 (1991). The bankruptcy courts in Illinois seriously doubt that the Illinois Supreme Court would follow Cannon. See In re Martin, 142 B.R. 260 (Bankr.N.D.Ill. 1992); In re Sevko, Inc., 143 B.R. 167 (Bankr.N.D.Ill. 1992).
Apart from the overwhelming authority outside Florida that FUFTA should not be applied retroactively, other Florida cases support the conclusion that FUFTA is not a remedial statute entitled to retroactive application. For instance, Ball v. Papp, 317 So.2d 801 (Fla. 4th DCA 1975), involved a former fraudulent transfer statute which required the defendant to prove that a transfer made within one year before issuance of execution was not made to delay, hinder or defraud creditors. The amended statute required the defendant to show that a transfer made within one year before the service of process was not made to delay, hinder or defraud creditors. The court held that the amended statute did not apply to a transfer made prior to the amendment. Id. at 803.
Statutes that are remedial or procedural may be applied retroactively, even if there is no expressed legislative intent that the statute so apply. City of Orlando v. Desjardins, 493 So.2d 1027, 1028 (Fla. 1986); Myers v. Carr Construction Co., 387 So.2d 417, 418 (Fla. 1st DCA 1980). A remedial statute is one which confers a remedy and the means employed in enforcing a right or in redressing an injury. Grammer v. Roman, 174 So.2d 443, 446 (Fla. 2d DCA 1965). Statutes that create new rights or take away existing rights, as opposed to furthering existing rights, may not be applied retroactively. City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961); Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA 1991).
FUFTA is not remedial, as it made significant substantive changes in the law of fraudulent transfers. Pre-FUFTA law required proof of actual fraudulent intent, whereas FUFTA contains no such requirement. In re Smith, 110 B.R. 597, 599 (Bankr.M.D.Fla. 1990). FUFTA requires "reasonably equivalent value" to uphold a transfer, whereas under pre-FUFTA law, "good consideration" was sufficient. In re Smith, 120 B.R. 588, 591 (Bankr.M.D.Fla. 1990).
Appellee argues that these changes in the law furthered existing rights rather than creating new ones, as individuals aggrieved by fraudulent transfers already had a remedy under the former section 726.01. FUFTA merely makes it easier to establish a fraudulent conveyance. While it is true that some individuals aggrieved *530 by fraudulent transfers would have had the same right to set aside a transfer under section 726.01, the predecessor statute, this is not true of all. Under section 726.01, creditors may not have been able to set aside as fraudulent a transfer made without reasonably equivalent value without an additional showing of actual fraudulent intent. In re Warner, 83 B.R. 807, 810 (Bankr.M.D.Fla. 1988). Under FUFTA, a creditor can set aside a transfer in absence of actual fraudulent intent. The remedy is the same under both statutes  setting aside the transfer. It is the right to do so which is affected by the new statute. Thus, as new substantive rights have been created for creditors under FUFTA, the limitations provision of FUFTA did not apply to the instant claim and the trial judge erred in applying it below.
Therefore, we hold that FUFTA cannot be applied retroactively to transfers made prior to its effective date. We reject the alternate theory that the claim was barred under pre-FUFTA law. See Ferre v. City Nat. Bank of Miami, 548 So.2d 701 (Fla. 3d DCA 1989).
Reversed and remanded for further proceedings.
STONE, WARNER and FARMER, JJ., concur.