644 So.2d 145 (1994)
REAL ESTATE CORPORATION OF FLORIDA, N.V., Appellant,
v.
DAWN DEVELOPERS, INC., et al., Appellees.
No. 93-2831.
District Court of Appeal of Florida, Fifth District.
October 21, 1994.
Gordon H. Harris, G. Robertson Dilg, and Tracy A. Borgert, Gray, Harris & Robinson, P.A., Orlando, for appellant.
John A. Shughart, Jr., Shughart & Associates, Orlando, for appellee Kircha Inv. Corp.
Andrew M. Brumby and Mary Ruth Houston, Shutts & Bowen, Orlando, for appellee Ramsland Const. and Development Co.
No appearance for appellee Dawn Developers, Inc.
PETERSON, Judge.
The issue for determination in this appeal is the time within which an appeal must be taken when a trial court denies a motion to interplead third parties in proceedings supplementary pursuant to section 56.29, Florida Statutes (1993).
Real Estate Corporation of Florida, N.V. (REC), obtained a judgment against Murray M. Golub, Thomas L. Dyer and Dawn Developers, Inc. (Dawn). Prior to the date of the judgment, but after suit had been filed, Dawn transferred several subdivision lots owned by it to Squirrel Point Investments, Inc. (Squirrel), Ramsland Construction and Development Co., Inc. (Ramsland), Kircha Investment Corporation (Kircha), and twenty-eight *146 other individuals. After obtaining the judgment, REC obtained an order allowing it to maintain supplementary proceedings. It then filed a motion to implead Squirrel, Ramsland, Kircha and the other twenty-eight individuals alleging that the prejudgment transfers of the subdivision lots were fraudulent transfers.
The trial court denied the motion to implead. It stated that the claims to be asserted against the third-parties were barred by the applicable statute of limitations and that REC knew of the alleged transfers of the subdivision lots for a period in excess of four years before the motion to interplead was filed. The trial court added that many of the proposed third-party defendants were bona fide purchasers for value without notice of the alleged fraudulent transfers from Dawn.
Eleven months after the trial court denied the first motion to implead, REC filed a new motion to implead only Squirrel, Ramsland and Kircha. The motion set forth the same factual allegations as contained in REC's original motion. The third-party defendants moved to strike the new motion. The trial court granted the motions to strike, holding that the previous order denying the first motion for impleader was a final order and noting that neither a motion for rehearing nor an appeal had been filed. It is from this order that REC appeals.
REC argues on appeal that the first order denying impleader was interlocutory and nonappealable. Additionally, it argues that the order merely denied a motion to implead and does not contain words of finality. Therefore, concludes REC, it is not an appealable final judgment just as the grant of a motion to dismiss or for summary judgment is not an appealable final judgment in the absence of words of finality. See Allen v. Florida Dept. of Military Affairs, 576 So.2d 971 (Fla. 5th DCA 1991).
This court has held that a non-final order denying a motion for protective order entered in proceedings supplementary is an appealable order under Rule 9.130(a)(4), Florida Rules of Appellate Procedure. Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981). We also hold that an order denying a motion for impleader is an appealable order under Rule 9.130(a)(4), Florida Rules of Appellate Procedure. However, that does not complete the inquiry. We must also determine whether REC was required to seek review of the first order denying impleader or whether it had the choice of renewing the motion and seeking an appeal or waiting until the proceedings supplementary were concluded. See Rule 9.130(g) ("This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause").
The trial court refused to consider REC's new motion to implead on the basis that the order denying the first motion was final. One author commented that it is sometimes difficult to determine whether a post decretal order is interlocutory in nature or whether it is a final order in its own right. Padavano, Florida Appellate Practice, § 18.11. "Although Rule 9.130(a)(4) generally refers to post-judgment orders as `non-final orders,' many such orders could be correctly characterized as final orders." Id.
Clearwater Federal Savings and Loan Ass'n v. Sampson, 336 So.2d 78 (Fla. 1976), is an example of a post decretal order that is final because it is dispositive of a question. There, funds from the operation of a motel were being deposited into the court's registry by agreement of the parties while the mortgage on the motel was being foreclosed. After entry of a final judgment of foreclosure, the mortgagee moved for an order requiring the clerk to disburse the deposited funds. The court ordered disbursement of the funds to the mortgagee and the losing party's motion for rehearing was denied. A notice of appeal was filed that was timely as to the order denying the rehearing, but untimely as to the order requiring disbursement. The question before the supreme court was whether the order disbursing the funds "was a distinct adjudication so final in nature as to partake of the character of a final decree." Id. at 80. The court stated:
An interlocutory order entered after judgment, post decretal order, is not to be confused with one entered during the pendency of the proceedings before final judgment. Cf. Wagner v. Bieley, [263 So.2d 1 *147 (Fla. 1972)]. Post decretal orders are not true interlocutory orders, and perhaps the term "interlocutory" is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.
Id. at 79.
In its original motion for proceedings supplementary to execution with discovery, REC's allegations were in general terms. It alleged that the final judgment was unpaid and requested an order requiring Golub, Dyer and Dawn Developers, Inc., to appear for examination concerning property. The motion asking for the impleader of Squirrel Point, Ramsland, Kircha and the twenty-eight other defendants recited facts that, if true, would have established a cause of action against the third-parties sought to be impleaded independent of the final judgment except as to the liquidated amount sought in execution. See Ball v. Papp, 317 So.2d 801 (Fla. 4th DCA 1975) (proceeding supplementary is separate and distinct from case in which original judgment is entered). The trial court's denial of that motion left REC without any further remedies against the third-parties named in the motion. The denial of the motion to implead those thirty-one persons left REC without the ability to obtain an adjudication in the supplementary proceedings of any alleged interests REC may have had in the assets of those third-parties; and, if REC disagreed with that result, it should have appealed. Id. The trial court's denial completed judicial labor on that portion of the cause after judgment, and it became final as to that portion of the proceedings supplementary.
REC's subsequent motion for impleader containing the same allegations against three of the thirty-one parties named in the original motion for impleader and the subsequent denial could not be used for the purpose of starting anew the time to file an appeal. The earlier denial was res judicata as to new efforts to implead the parties named in the earlier proceedings. REC should have appealed the earlier denial of its motion to implead. The trial court's order striking the renewed motion to implead Squirrel, Ramsland and Kircha is affirmed.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.