W. SHARP, Judge.
The Berdolls appeal from a final judgment in favor of Sobik’s Franchises, Inc. The Berdolls, who are judgment creditors of So-bik’s Franchises, moved to set certain transfers by Sobik’s Franchises as fraudulent. The trial court found no evidence of fraud and that Sobik’s Franchises had received reasonably equivalent value for the transfers. We conclude that the record does not support the determination that Sobik’s Franchises received reasonably equivalent value for the transfers. Accordingly, we reverse.
In the 1980s, the Berdolls entered into franchise agreements with Sobik’s Franchises to operate several Sobik’s Sandwich Shops in the central Florida area. Sobik’s Sandwich Shops had been formed by John Sobik, Jr. and his wife in 1972. Sobik’s Sandwich Shops own the service mark “Sobik’s Subs.”
Ten years later, in 1982, Sobik and Roger Para[1] formed Sobik’s Franchises, Inc. So-bik’s Sandwich Shops “loaned” or licensed its service mark to Sobik’s Franchises, and So-bik’s Franchises marketed and serviced the franchises. As the franchisor, Sobik’s Franchises handled the marketing and food purchasing, did site selection, trained managers and employees, researched equipment, developed manuals, helped with accounting systems and kept the franchisees aware of health and legal requirements. In return, the franchisee paid an initial fee of $15,000 and weekly royalties.
Disputes arose between the Berdolls and Sobik’s Franchises and a lawsuit was ultimately filed. The Berdolls prevailed and a judgment awarding them $66,000 was entered on October 9,1992. The Berdolls were later awarded over $60,000 for attorney’s fees.
Less than four months later, on January 30, 1993, Sobik’s Sandwich Shops revoked the license of Sobik’s Franchises to market and service Sobik’s franchises and terminated its right to use the Sobik’s service mark. Sobik’s Sandwich Shops demanded that So-bik’s Franchises assign its franchise agreements to Sobik’s Sandwich Shops. Effective February 1, 1993, Sobik’s Franchises assigned all its franchise agreements to Sobik’s Sandwich Shops. After this, Sobik’s Franchises’ income stream “dried up” and the company was dissolved.
A new corporation, SBK Franchise Systems, was formed by George Salmons, Jim Byrd and Artie Killian to market and service the franchises. Salmons had been Sobik’s Franchises’ president, Byrd had been the corporate attorney for five years and Killian had been Sobik’s Director of Operations. *1166 SBK sent a letter to all franchisees requesting that royalty payments due on sales through February 28,1993 be made to Sobik’s Franchises and that royalties due for the following week be sent to SBK. Thus, So-bik’s Sandwich Shops never received any money directly from franchisees.
In their complaint, the Berdolls alleged that the revocation of the license to use the service mark and the transfer of the franchise agreements from Sobik’s Franchises to Sobik’s Sandwich Shops were fraudulent. The Berdolls sought to attach the franchise payments being paid to Sobik’s Sandwich Shops in satisfaction of their judgment against Sobik’s Franchises.
In 1987, Florida adopted the Uniform Fraudulent Transfer Act. Ch. 87-79, Laws of Fla. (1979). The Uniform Law made significant substantive changes in the law of fraudulent transfers. For example, prior law had required proof of actual fraudulent intent, whereas the Uniform Law makes no such requirement. Additionally, under prior law, “good consideration” was sufficient. The Uniform Law now requires “reasonably equivalent value” to uphold the transfer.[2] Snellgrove v. Fogazzi, 616 So.2d 527 (Fla. 4th DCA 1993).
According to Sobik, the consideration for the transfer of the franchise agreements consisted of payment of Sobik’s Franchises’ bills and rent and assumption of its responsibilities under the franchise agreements. There was testimony regarding Sobik’s Franchises’ operating losses but no testimony regarding the amount of the bills and rent paid by Sobik’s Sandwich Shops on behalf of Sobik’s Franchises. Sobik’s Franchises used the same building as Sobik’s Sandwich Shops and they shared office space suggesting that rent would be nominal. The assumption of So-bik’s Franchises’ responsibilities under the franchise agreements is not a valid consideration. Once Sobik’s Sandwich Shops demanded the return of its service mark and the franchise agreements and received them, it was Sobik’s Sandwich Shops’ responsibility to service the franchise agreements. Since Sobik’s Sandwich Shops had the responsibility to service the agreements, servicing the agreements is not consideration. See James v. DuBreuil, 385 So.2d 708 (Fla. 3d DCA 1980) (consideration recited in agreement was invalid as it was based on a transfer of stock which the plaintiff was already obligated to make by virtue of another agreement between the parties).
The franchise agreements are worth at least $7,500 — what SBK paid for them — if not $15,000, the total amount SBK paid to take over the service mark and franchise agreements. While there may have been “some consideration” for the transfer from Sobik’s Franchises to Sobik’s Sandwich Shops, the evidence is insufficient to find that Sobik’s Sandwich Shops gave “reasonably equivalent value” for the transfer.
REVERSED and REMANDED.
PETERSON, C.J., and COBB, J., concur.

. Para left the company in the mid-1980s.

. Section 726.106(1) provides as foEows:
726.106 Transfers fraudulent as to present creditors.—
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.