962 So.2d 977 (2007)
NATIONAL EQUITY RECOVERY SERVICES, INC., Petitioner,
v.
Frances WILLIAMS and Truman Capital Mortgage Loan Trust 2005-1, Respondents.
No. 3D07-1310.
District Court of Appeal of Florida, Third District.
August 1, 2007.
*978 Kevin Coyle Colbert, for petitioner.
Frances Williams, in proper person.
Smith, Hiatt & Diaz and Diana B. Matson, Ft. Lauderdale, for respondent Truman Capital Mortgage Loan Trust 2005-1.
Before GERSTEN, C.J., and ROTHENBERG and LAGOA, JJ.
LAGOA, Judge.
National Equity Recovery Services, Inc. ("NERS") petitions for a writ of certiorari. We treat the petition as a plenary appeal[1], and find that the trial court erred in entering the disbursement Order without first holding an evidentiary hearing pursuant to Section 45.032, Florida Statutes (2006).
On February 15, 2007, the trial court entered a final judgment of foreclosure in favor of the plaintiff, Truman Capital Mortgage Loan Trust, and against the defendant, Frances Williams ("Williams"). Williams's property was then sold at public auction to a successful bidder on April 4, 2007. On April 5, 2007, Williams signed an Assignment of Interest Agreement with NERS in which she assigned to NERS her interest in any surplus funds remaining in the court registry after the foreclosure sale.[2] On that same date, Williams received from NERS a check in the amount of $1,000 as required by the Assignment Agreement. On April 9, 2007, NERS filed a Motion for Order Directing Clerk to *979 Release Excess Funds, pursuant to section 45.032, Florida Statutes (2006), seeking an order from the trial court directing the Clerk to disburse all surplus funds in the court registry to it. The Assignment Agreement was attached to the motion. NERS further requested a hearing before the trial court on the motion.
On April 17, 2007, the Clerk issued the Certificate of Disbursements, which reflected the amount of $43,492.45 remaining in the court registry as surplus funds. On April 23, 2007, Williams filed an Owner's Claim for Mortgage Foreclosure Surplus with the trial court in which she attested that she did not owe any money on any mortgage on the property, and that she had not assigned her right to the surplus funds.[3] On that same day, the trial court entered an Order Granting Issuance of Surplus Funds to Defendant, Frances Williams (the "Order"), and a check in the amount of $43,623.20 was issued to Williams.[4] NERS petitions for review of the Order.
Section 45.032, Florida Statutes (2006), entitled Disbursement of Surplus Funds After Judicial Sale, reads, in relevant part:
(2) There is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim. A person claiming a legal right to the surplus as an assignee of the rights of the owner of record must prove to the court that such person is entitled to the funds. At any hearing regarding such entitlement, the court shall consider the factors set forth in s. 45.033 in determining whether an assignment is sufficient to overcome the presumption. It is the intent of the Legislature to abrogate the common law rule that surplus proceeds in a foreclosure case are the property of the owner of the property on the date of the foreclosure sale.
(3) During the 60 days after the clerk issues a certificate of disbursements, the clerk shall hold the surplus pending a court order.
* * *
(b) If any person other than the owner of record claims an interest in the proceeds during the 60-day period or if the owner of record files a claim for the surplus but acknowledges that one or more other persons may be entitled to part or all of the surplus, the court shall set an evidentiary hearing to determine entitlement to the surplus. At the evidentiary hearing, an equity assignee has the burden of proving that he or she is entitled to some or all of the surplus funds. The court may grant summary judgment to a subordinate lienholder prior to or at the evidentiary hearing. The court shall consider the factors in s. 45.033 when hearing a claim that any person other than a subordinate lienholder or the owner of record is entitled to the surplus funds.
(emphasis added).
Accordingly, as evidenced by the unambiguous language of the statute, during the 60-day period after the clerk issues a certificate of disbursements, a person claiming a right to surplus funds as an assignee is entitled to an evidentiary hearing to prove that entitlement. The statute mandates that the court "shall set an evidentiary *980 hearing" to determine entitlement and that it must consider the factors set forth in section 45.033, Florida Statutes (2006), in reaching that determination. Here, NERS filed its claim of interest, which, although filed before the clerk issued the certificate of disbursements, appears on the trial court docket and shows that a person other than the owner of record claimed an interest in the surplus proceeds during the 60 day period. The trial court therefore should have set the matter for an evidentiary hearing and allowed NERS to attempt to prove its entitlement to the funds before releasing the funds to Williams.
Because the trial court's order disbursing the surplus funds to Williams was made without conducting an evidentiary hearing concerning NERS's claim to the funds, the order is reversed and the case is remanded to the trial court to conduct an evidentiary hearing pursuant to sections 45.032-.033, Florida Statutes (2006). If NERS proves at the evidentiary hearing that it is entitled to some or all of the surplus funds, the trial court shall order Williams to repay the amount into the registry of the court.
Reversed and remanded for further proceedings consistent with this Opinion.
NOTES
[1] Because the Order was entered after the final judgment of foreclosure and is dispositive of the question of the disposition of the money in the court registry, we treat the Order as a final order. See Clearwater Federal Savings and Loan Assn. v. Sampson, 336 So.2d 78, 79 (Fla.1976)("Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment. . . ."); cf. Roshkind v. Roshkind, 717 So.2d 544 (Fla. 4th DCA 1997); Remington v. Remington, 705 So.2d 920 (Fla. 4th DCA 1997); Real Estate Corp. v. Dawn Developers, Inc., 644 So.2d 145 (Fla. 5th DCA 1994).
[2] Specifically, the Assignment Agreement provides as follows:

CLIENT [Williams] GRANTS with full power of substitution exclusively to [NERS] any and all interest, right, title CLIENT has or may have in the surplus funds held in the court registry relative to that foreclosure sale bearing the case number XX-XXXXX-XX. . . . THE PARTIES BELIEVE there is approximately $44,000 presently being held in the court registry relative to the above mentioned foreclosure case. CLIENT ACCEPTS AN ADVANCE payment of $1,000 paid this day to client. THE PARTIES AGREE that, in the event NERS is successful in recovering funds from the court registry, Client shall receive 85% of any such funds recovered minus amount advanced. NERS shall receive 15% plus amount advanced.
[3] Williams executed the Owner's Claim under oath and subject to penalty of perjury.
[4] It is unclear from the record why a discrepancy exists between the monies Williams actually received and the amount of surplus funds reflected in the Clerk's Certificate of Disbursements.