# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

No. 1D2024-1786

—————————————————

RAPID SURPLUS RECOVERY LLC,

    Appellant,

    v.

SOUTHEAST PROPERTY
ACQUISITIONS LLC, PEGGY
BOWLING, THOMAS DAVID
VAUGHN, and JIMMIE H. HALL,
JR.,

    Appellees.

—————————————————

On appeal from the Circuit Court for Bay County.
William Scott Henry, Judge.


October 8, 2025

KELSEY, J.

Two surplus-recovery companies[*] claim entitlement to money left over after a residential foreclosure sale on November 30, 2023. The owner of a 50% interest in the home quit-claimed his interest to Southeast Property Acquisition on November 22, 2023. That

---

[*] The Florida Legislature has enacted comprehensive laws governing surplus funds after judicial sales of property. *See* §§ 43.031, 43.032, 45.033, Fla. Stat. (2023).

owner then assigned his 50% interest to Rapid Surplus Recovery on December 26, 2023.

Rapid Surplus was the first to file a claim to the surplus funds, and was granted intervention. The trial court rendered an order disbursing to Rapid Surplus its contractual percentage of the homeowner's half of the surplus funds, with the remainder going to the homeowner. Then Southeast Property moved to intervene and vacate the order, claiming entitlement to all of the surplus funds by virtue of its quit-claim deed. The trial court granted Southeast Property intervenor status, and set a hearing to resolve the disputed claims to the surplus funds.

The hearing occurred but was not transcribed. Afterward, the court rendered the order on appeal, granting Southeast Property's motion to intervene, vacating the earlier order to disburse funds to Rapid Surplus, and directing the Clerk to disburse this homeowner's half of the surplus funds to Southeast Property instead. The court explained in the order that its reasoning included the timing of the homeowner's post-foreclosure purported quit-claim deed to Southeast Property, as well as considerations of good faith and lack of intent to defraud—the latter factors expressly listed among those to be considered under section 45.033(5) of the Florida Statutes. The court referenced both evidence presented and the lack of other evidence.

Rapid Surplus appealed, and we have jurisdiction. *See Nat'l Equity Recovery Servs., Inc. v. Williams*, 962 So. 2d 977, 978 & n.1 (Fla. 3d DCA 2007) (finding a similar order was an appealable final order because it "was entered after the final judgment of foreclosure and is dispositive of the question of the disposition of the money in the court registry"); Fla. R. App. P. 9.030(b)(1)(a) (describing jurisdiction over final orders).

But Rapid Surplus did not provide a hearing transcript, and did not attempt to reconstruct the record as provided by Florida Rule of Appellate Procedure 9.200(b)(5). This rule allows a party to "prepare a statement of the evidence or proceedings from the best available means, including the party's recollection." *Id*. The opposing party then can object or propose amendments to the statement, after which the lower tribunal may "settle and approve"

the statement if possible. *Id.* If an appeal turns—or could turn—on any factual issue for which there is no record, we are obliged to affirm. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("The trial court's [ruling] could well be supported by evidence adduced at trial but not stated in the judge's order or otherwise apparent in the incomplete record on appeal"; thus, lack of a transcript precluded appellate court from finding "the trial court's judgment is not supported by the evidence or by an alternative theory").

Rapid Surplus argues that there were no factual issues requiring record evidence, and Southeast Property disagrees. This is a classic *Applegate* problem. Particularly because the trial court expressly referenced its analysis of fact-intensive statutory considerations such as good faith and intent to defraud, we must conclude that the hearing encompassed questions of fact that were relevant if not dispositive to the lower court's analysis—as well as to ours. Without a transcript or reconstructed record, we must and do affirm. *See Above Par Loss Prevention, Inc. v. Albano*, 983 So. 2d 775, 776 (Fla. 4th DCA 2008) (affirming disbursement of surplus funds because there was no hearing transcript); *Sprinkle v. Fox Hollow Vill. Prop. Owners Ass'n, Inc.*, 401 So. 3d 1258, 1259 (Fla. 5th DCA 2025) (Lambert, J., concurring) (affirming trial court's denial of surplus funds distribution because there was no transcript "showing what evidence or argument may have been presented by Appellant to the trial court in support of her motion").

AFFIRMED.

ROWE and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Brenda Cox of Brenda Cox, P.A., Boca Raton; Michael J. Hernandez, Coral Gables, for Appellant.

Jake Blanchard of Blanchard Law, LLC, Pinellas Park; Michael S. Burke and Tristan LaNasa of Burke Blue, Panama City Beach; Brittany Ann Kearney of Kearney Law, PLLC, Tampa; Ashton Rooks, Pompano Beach, for Appellees.