TELEMACLIUS J. SCOURTIS vs. ANDROS BILILIES & others.

Suffolk. December 5, 1956. — January 11, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Jurisdiction,* To reach and apply. *Supplementary Process.*

Maintenance of a suit in equity by a judgment creditor under G. L.
(Ter. Ed.) c. 214, § 3 (7), (8), to reach and apply certain property to the
satisfaction of his judgment was not precluded where it appeared that
when the suit was commenced there was pending supplementary
process by the creditor against the judgment debtor wherein a partial
payment of the judgment had been ordered and made, and that after
the commencement of the suit an order for further payments weekly
was made in the supplementary process and then the supplementary
process was dismissed at the instance of the creditor.

BILL IN EQUITY, filed in the Superior Court on August 3,
1955.

A final decree dismissing the bill was entered by *O'Con-
nell,* J., on March 22, 1956.

*James I. Yoffa,* (*Faye G. Stone* with him,) for the plaintiff.
No argument nor brief for the defendants.

WILKINS, C.J. On February 24, 1953, the plaintiff re-
covered a judgment for $5,493.55 against the defendant
Bililies (hereinafter called the defendant) in the Superior
Court. On May 23, 1955, when the judgment with interest
of $739.22 amounted to $6,232.77, the defendant paid the
plaintiff $5,000, leaving a balance of $1,232.77 and costs.
The foregoing facts are alleged in the bill and admitted in
the defendant's answer. *Bancroft* v. *Cook,* 264 Mass. 343,
348. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 7. *Zaleski*
v. *Zaleski,* 330 Mass. 132, 134–135.

The present suit is to reach and apply the interest of the
defendant in the capital stock of the defendant Pieroni, Inc.,
and in a certain partnership, called Pieroni's, in which the
individual defendants are the other partners. G. L. (Ter.
Ed.) c. 214, § 3 (7), (8). The bill has been taken pro confesso

against the defendant corporation and the individual defendants associated in the partnership with the defendant. The plaintiff appeals from a final decree dismissing the bill.

The judge in a report of the material facts found by him set forth the reasons why he ordered the bill dismissed. On April 2, 1954, the plaintiff made application for supplementary process in the Municipal Court of Brookline. G. L. (Ter. Ed.) c. 224, §§ 14–17, which were introduced into our law by St. 1927, c. 334, § 2. Thereafter the parties made frequent appearances before the judge of that court, and by his order the payment of $5,000 hereinbefore mentioned was made. The balance of the judgment being approximately $1,500, the Municipal Court judge on February 28, 1956, ordered the defendant to make weekly payments of $5. The plaintiff then caused the supplementary proceedings to be dismissed on February 28, 1956. The plaintiff entered the present suit in the Superior Court on August 3, 1955.

In his report of material facts the trial judge stated that he found and ruled that the plaintiff seeks to circumvent the order of the Municipal Court for weekly payments; that the Municipal Court judge was warranted in believing that the proceedings before him were designed to end the controversy; that the defendant acted in good faith in paying $5,000 in the belief that it would "terminate the then pending claim as represented by the supplementary process petition"; that the Municipal Court judge sought to effect a definite adjustment; and that the final order for weekly payments was a further effort by him "to terminate definitely and finally the claim." "Upon all the evidence [which was presented in the form of statements by counsel] and the inferences to be drawn therefrom, I find and rule the petitioner is not entitled to proceed further in the instant action, which I ordered dismissed."

This ruling was erroneous. The stated grounds are immaterial. The purpose of c. 224, §§ 14–18, is to enable a creditor to obtain payment of a judgment and not to adjudicate procedural rights in such a way as to deprive him of a right to enforce payment by other statutory remedies. See

*Giarruso* v. *Payson,* 272 Mass. 417, 419–420; *Donnelly* v. *Montague,* 305 Mass. 14, 15; *Little* v. *Mathews,* 317 Mass. 422. By c. 224, § 18, as amended by St. 1946, c. 177, "The court shall retain jurisdiction of supplementary proceedings until an order shall be made expressly dismissing them. If the proceedings are dismissed, the creditor shall not, within one year after the date of such dismissal, file a new application against the same debtor upon the same judgment or a judgment including the same cause of action, unless the court otherwise orders. There shall be no appeal from any judgment, order or sentence under the provisions of this chapter," with an exception not presently material. See *Fino* v. *Municipal Court of the City of Boston,* 326 Mass. 277, 279. In the case at bar the proceedings in the Municipal Court were terminated by a valid order, which was unappealable. It had no aftereffect which could be visited upon the plaintiff in such a way as to destroy his statutory right to maintain this suit under G. L. (Ter. Ed.) c. 214, § 3 (7), (8). *McCarthy* v. *Rogers,* 295 Mass. 245, 246–247. Here there had been merely an order for partial payments from time to time. But even where there is an order to the debtor to execute and deliver to the judgment creditor a transfer, assignment, or conveyance of property not exempt from being taken on execution, G. L. (Ter. Ed.) c. 224, § 16, as amended, the creditor may refuse to accept it, and his refusal "shall not impair his right to have his execution satisfied in whole or in part by a levy on other property in the manner provided by law." G. L. (Ter. Ed.) c. 224, § 17.

The final decree is reversed, and the suit is to be further heard on the question of the relief to be granted. The plaintiff is to have costs of this appeal.

*So ordered.*