In re Stephen Lewis SMITH a/k/a Smith, Stephen Lewis, p/d/b/a S.L. Smith, Debtor.

Terry E. SMITH, Trustee for Stephen L. Smith, Plaintiff,

v.

Steven L. & Nancy F. McINTIRE, Defendants.

Bankruptcy No. 89–1190–8P7. Adv. No. 89–587.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 31, 1990.

ee for Stephen L. Smith. Each of the counts in the Trustee's Complaint alleges a fraudulent transfer from the Debtor to the Defendants. Counts I through IV seek avoidance of the transfer pursuant to *Fla. Stat.* § 726.105 and § 726.106 (1988), the new Uniform Fraudulent Transfer Act (UFTA) which became effective on January 1, 1988. Counts V and VI seek relief under *Fla.Stat.* § 726.01 (1987), the predecessor to Florida's current fraudulent transfer statute. Finally, Count VII seeks relief pursuant to both *Fla.Stat.* § 726.01 (1987) and *Fla.Stat.* § 726.105 (1988).

The Defendants have moved to dismiss the Counts which request relief under the UFTA, claiming that those Counts fail to state a cause of action against the Defendants upon which relief can be granted. It is undisputed that each of the allegedly fraudulent transfers transpired prior to January 1, 1988. The Defendants argue that *Fla.Stat.* § 726.105 and § 726.106 (1988) are not retrospective in application and, therefore, the new statute does not apply to transfers made prior to its effective date of January 1, 1988.

As a general proposition, a statute is not to be given a retrospective application unless its terms clearly show that such an effect was intended. *City of Orlando v. Desjardins*, 493 So.2d 1027 (Fla. 1986). The retroactivity of this particular statute has been considered by bankruptcy courts in the state of Florida. Judge Britton determined that the UFTA was remedial in nature and could be applied retroactively. *In re Henry Gherman*, 103 B.R. 326 (Bkrtcy.S.D.Fla.1989). On the other hand, Judge Proctor has determined that the UFTA should not have retroactive application, noting that the legislative history indicated no intention to give the UFTA retroactive in fact. *In re Warner*, 83 B.R. 807 (Bkrtcy.M.D.Fla.1988). Similarly, the courts of Idaho and New York have held that the fraudulent conveyance statutes in those states could not be given retroactive effect. *Blankenship v. Myers*, 97 Idaho 356, 544 P.2d 314 (1975) and *Vinlis Construction Co. v. Roreck*, 67 Misc.2d 942, 325 N.Y.S.2d 457 (1971).

Allan C. Watkins, Tampa, Fla., for plaintiff.

Don M. Stichter, Tampa, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration at a duly scheduled hearing upon a Motion to Dismiss filed by Steven L. & Nancy F. McIntire, the Defendants in the above-styled adversary proceeding. The Court has considered the Motion, together with the record, and heard argument of counsel and finds as follows:

A Complaint to Set Aside Fraudulent Conveyance and an Objection to Claim was filed against the Defendants by Terry E. Smith, the duly appointed and acting Trust-

This Court agrees that the legislature exhibited no clear intention to give the UFTA retrospective effect. Rather, the Act merely states that its effective date is January 1, 1988. Therefore, the Court is unwilling to assume that the provisions of the UFTA are applicable to transfers which occurred prior to the effective date of the Act. *In re Warner, supra.*

Furthermore, a statute should not be given retrospective effect by construction when doing so would jeopardize the validity of the statute under constitutional principles. *Walker and LaBerge, Inc. v. Halligan,* 344 So.2d 239 (Fla.1977); *In re Seven Barrels of Wine,* 79 Fla. 1, 83 So. 627 (1920). A retrospective application of a legislative act is invalid only where vested rights are adversely affected or destroyed or where a new obligation or duty is created or imposed in connection with previous transactions. *McCord v. Smith,* 43 So.2d 704 (Fla.1950). Therefore, a statute which interferes with vested rights will not be given retroactive effect as this would destroy the validity of the statute. *Young v. Altenhaus,* 472 So.2d 1152 (Fla.1985). The pre–1988 fraudulent transfer act requires the trustee to prove the transferor's actual intent in making a fraudulent conveyance. On the other hand, the new UFTA has no such requirement. Clearly, the new statute creates new rights and interferes with vested rights and, therefore, should not be given retrospective application.

In the instant case, the Trustee has relied upon the former fraudulent transfer statute in Counts V, VI and VII and the new UFTA in Counts I, II, III, IV and VII. Since the transfers complained of in the Trustee's Complaint occurred prior to January 1, 1988, this Court concludes that it is appropriate to dismiss the Counts in the Trustee's Complaint which rely upon the new UFTA.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the Defendants be, and the same is hereby, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DECREED that Counts I, II, III and IV of the Trustee's Complaint be, and the same are hereby, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the portions of Count VII be, and the same are hereby, dismissed as they relate to *Fla.Stat.* § 726.105 (1988). It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied in all other respects, and the Defendants be, and the same are hereby, directed to file an answer or responsive pleading to Counts V, VI and VII within twenty (20) days from the date of this Order.

DONE AND ORDERED.