ROGER R. HOLTHAUS, APPELLEE, V. THEODORE W. PARSONS, JR.,
AND MARY A. PARSONS, APPELLANTS.

469 N.W.2d 536

Filed May 24, 1991.   No. 90-1145.

Thomas P. Kenny, of Batt & Associates, for appellants.

Roger R. Holthaus, pro se.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a judgment of the district court for Sarpy County, Nebraska, which denied a request to set aside a conveyance in fraud of a creditor, but nevertheless ordered the plaintiff's judgment to be a lien on the subject real estate. The defendants appeal. We reverse.

A creditor's action to declare a conveyance fraudulent invokes the equity jurisdiction of the trial court and on appeal is reviewed de novo on the record. *Brown v. Borland*, 230 Neb. 391, 432 N.W.2d 13 (1988).

Appellants Theodore W. Parsons, Jr., and Mary A. Parsons were formerly husband and wife. They were divorced on April 18, 1980. In the property settlement agreement approved by the decree, Mary Parsons was awarded $10,000, which was

specifically declared to be a lien on "Lot 110 South Woods, a subdivision of Sarpy County, Nebraska," which property was awarded to Theodore Parsons. The $10,000 award has not been paid and remains a lien on the real estate. In addition, the home is subject to a lien for both unpaid and unaccrued child support in the amount of $47,000 and an unpaid real estate mortgage balance in the amount of $24,000.

In 1986, Theodore Parsons was convicted of the offenses of first degree murder and use of a weapon to commit a felony. Subsequent to his arrest, Parsons engaged appellee to defend him, but shortly thereafter Parsons discharged appellee and replaced him with another lawyer.

On February 26, 1987, Theodore Parsons transferred his interest in the real estate to Mary Parsons as trustee for their two minor children. On December 29, 1988, appellee was awarded a judgment for unpaid legal fees against Theodore Parsons in the amount of $6,183.40, which sum plus interest remains uncollected.

Although all circumstances giving rise to this action arose prior to the August 25, 1989, effective date of the Uniform Fraudulent Transfer Act, Neb. Rev. Stat. §§ 36-701 to 36-712 (Cum. Supp. 1990), the parties and the court treated the act as controlling. We do not do so, as the substance of the law in effect at the time of the transaction governs, not the later enacted statutes. *Denver Wood Products Co. v. Frye*, 202 Neb. 286, 275 N.W.2d 67 (1979); Neb. Rev. Stat. § 49-301 (Reissue 1988).

Generally, the Uniform Fraudulent Conveyance Act, Neb. Rev. Stat. §§ 36-601 to 36-613 (Reissue 1988) (repealed 1989), which was in effect at the time of the transaction, prohibited transfers of real property by an insolvent for less than fair consideration. See § 36-604. However, the courts which have interpreted the act have held that an action to set aside a conveyance cannot be maintained unless injury is sustained, i.e., the conveyance put beyond the creditor's reach property which would be subject to the payment of his debt. *Haskins v. Certified Escrow & Mtge. Co.*, 96 Cal. App. 2d 688, 216 P.2d 90 (1950); *Kopf v. Engelke*, 240 Wis. 10, 1 N.W.2d 760 (1942). See *Territorial Sav. & Loan Ass'n v. Baird*, 781 P.2d 452 (Utah App.

1989).

The only evidence of the value of the real estate was that of Theodore Parsons, who, as an owner shown to be familiar with the value, is competent to testify. See *Langfeld v. Department of Roads*, 213 Neb. 15, 328 N.W.2d 452 (1982). That value is $58,000. In view of the acknowledged amounts of the liens, i.e., a $24,000 mortgage, a $10,000 lien in favor of a divorced spouse, and the child support lien of $47,000, it is obvious that appellee was not injured by the conveyance and therefore was not entitled to relief under the Uniform Fraudulent Conveyance Act. The judgment is reversed, and the cause is remanded to the district court with directions to dismiss the petition.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.