In re Vernard M. GRANDERSON f/d/b/a
Almeida Rest Home, Debtor.

M. Ellen CARPENTER, Chapter
11 Trustee of the Estate of
the Debtor, Plaintiff,

v.

Vernard M. GRANDERSON and Lillian
B. Granderson, Defendants.

Bankruptcy No. 95–15951–JNF.
Adversary No. 97–1418.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 18, 1997.

M. Carpenter, Kern, Roach & Carpenter, Boston, MA, Chapter 11 Trustee of the Estate of the Debtor.

Jack E. Robinson, Carpenter & Robinson, Stamford, CT, for Defendants.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court is the Defendants' Motion for Summary Judgment (the "Motion") and the Chapter 11 Trustee's objection to the Motion. The issue raised by the Motion is whether Massachusetts' version of the Uniform Fraudulent Transfer Act (the "UFTA"), which was enacted after the Debtor filed his bankruptcy petition, should apply retroactively to time bar the avoidance action brought by the Trustee. The material facts necessary to decide the Motion are not in dispute. See Fed.R.Civ.P. 56(c), made applicable to this proceeding by Fed. R. Bankr.P. 7056.

### II. PROCEDURAL BACKGROUND

The Debtor filed a voluntary Chapter 11 petition on September 1, 1995. Over one year later, on February 27, 1997, the United States Trustee filed a motion to appoint a Chapter 11 trustee, which this Court granted. Thereafter, M. Ellen Carpenter was appointed the Chapter 11 Trustee ("Trustee").

On July 10, 1997, seeking to set aside a transfer of property as a fraudulent conveyance, the Trustee commenced an adversary proceeding against Vernard M. Granderson (the "Debtor"), individually, and against the Debtor's non-debtor spouse, Lillian B. Granderson, individually, and as trustee of both the Arrow Realty Trust and the E & L Realty Trust. On July 24, 1997, the Trustee filed a Motion for Leave to File a Memorandum of Lis Pendens (the "Lis Pendens Motion"). The Defendants objected to the Lis Pendens Motion and moved to dismiss the Trustee's complaint. The Court heard both motions on August 14, 1997 and continued the Lis Pendens Motion generally. At the conclusion of the hearing, the Defendants agreed to file a motion for summary judgment.

On August 20, 1997, the Defendants filed their Motion for Summary Judgment. Additionally, the parties filed a Statement of Agreed Facts. On September 12, 1997, the Trustee filed an Objection to the Motion for Summary Judgment. Both the Trustee and the Defendants filed briefs in support of their respective positions.

## III. FACTS

The parties have stipulated to the material facts in their Statement of Agreed Facts. On or about March 17, 1974, the Debtor and his spouse acquired a residence located in Duxbury, Massachusetts (the "Property") for a purchase price of $72,500.00. They held title to the Property as tenants by the entirety for 17 years until July 12, 1991, when they transferred it to Lillian Granderson, as trust-

ee of the Arrow Realty Trust ("Arrow"), for consideration of less than one dollar. Later that same day, Arrow transferred the Property to Lillian Granderson as trustee of the E & L Realty Trust, also for consideration of less than one dollar. On September 1, 1995, the Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code.

## IV. APPLICABLE LAW

On July 8, 1996, the Massachusetts legislature enacted the UFTA. Codified at Massachusetts General Law chapter 109A, the UFTA became effective on October 6, 1996. Mass. Gen. Laws Ann. ch. 109A, §§ 1–12 (West Supp.1997). In replacing the Uniform Fraudulent Conveyance Act (the "UFCA") with the UFTA, the legislature stated, "[t]he General Laws are hereby amended by striking out chapter 109A and inserting in place thereof the following chapter...." 1996 Mass. Legis. Serv. ch. 157 (West). The UFTA provides for both a four-year and a one-year limitations period depending upon the section of the UFTA under which an action is brought.[1] In contrast, the UFCA was governed by the general six-year statute of limitations applicable to breach of contract actions under Mass. Gen. Laws ch. 260, § 2 (West 1948)[2]. *See Desmond v. Moffie*, 375 F.2d 742, 743–744 (1st Cir.1967).

## V. ARGUMENTS OF THE PARTIES

A. *Should the UFTA Be Applied Retroactively?*

■ The Defendants contend that the UFTA should be applied retroactively. They

---

1. Section 10 provides in relevant part the following:

   A cause of action with respect to a fraudulent transfer or obligation under this chapter shall be extinguished unless action is brought:
   (a) under paragraph (1) of subsection (a) of section five, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;
   (b) under paragraph (2) of subsection (a) of section five or subsection (a) of section six, within four years after the transfer was made or the obligation was incurred; or

   (c) under subsection (b) of section six, within one year after the transfer was made or the obligation was incurred.
   Mass. Gen. Laws Ann. ch. 109A, § 10.

2. Section 2 provides in relevant part the following:

   Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall except as otherwise provided, be commenced only within six years next after the cause of action accrues.
   Mass. Gen. Laws Ann. ch. 260, § 2.

rely upon the only reported case to address the retroactivity of the UFTA in the First Circuit, *In re Carroll Industries, Inc.,* 153 B.R. 100, 102 (Bankr.D.N.H.1993), in which the court predicted that New Hampshire courts would apply the UFTA retroactively. The Defendants contend that the reasoning in *Carroll Industries* is persuasive and urge the Court to follow it. The Defendants also rely upon *In re Gherman,* 103 B.R. 326, 331 (Bankr.M.D.Fla.1989), a case in which the court concluded that the UFTA is remedial and should be applied retroactively. However, they recognize that the Florida bankruptcy court in *In re Smith,* 110 B.R. 597, 598–99 (Bankr.M.D.Fla.1990), disagreed with the *Gherman* court and concluded that the UFTA should not be applied retroactively.

The Trustee urges the Court to adopt the majority rule: the UFTA should not be applied retroactively. The Trustee cites numerous decisions from around the United States in which courts have held that the law in effect at the time of the transfer is controlling, not the subsequently enacted UFTA. *See, e.g., U.S. v. Bacon,* 82 F.3d 822, 824 (9th Cir.1996); *Karras v. Karras,* 846 F.Supp. 804, 808 (D.S.D.1993), *aff'd,* 16 F.3d 245, 247 (8th Cir.1994); *Towe Antique Ford Foundation v. U.S.,* 791 F.Supp. 1450, 1457–58 (D.Mont.1992), *aff'd on other grounds,* 999 F.2d 1387 (9th Cir.1993); *In re C–T of Virginia, Inc.,* 124 B.R. 700, 703 n. 1 (W.D.Va. 1990); *In re Fleet,* 122 B.R. 910, 914–15 (E.D.Pa.1990); *In re Sverica Acquisition Corp., Inc.,* 179 B.R. 457, 463 n. 1 (Bankr. E.D.Pa.1995); *In re Taubman,* 160 B.R. 964, 989 (Bankr.S.D.Ohio 1993); *In re Carmean,* 153 B.R. 985, 988 (Bankr.S.D.Ohio 1993); *In re Carrousel Motels, Inc.,* 146 B.R. 733, 735 (Bankr.S.D.Ohio 1992); *In re Sevko,* 143 B.R. 167, 172 (Bankr.N.D.Ill.1992); *In re Aluminum Mills Corp.,* 132 B.R. 869, 885 n. 14 (Bankr.N.D.Ill.1991); *In re Rachles, Inc.,* 131

B.R. 782, 786–87 (Bankr.D.N.J.1991); *In re Martin,* 113 B.R. 949, 956 n. 2 (Bankr. N.D.Ill.1990); *In re Smith,* 110 B.R. 597, 598–99 (Bankr.M.D.Fla.1990); *In re Warner,* 83 B.R. 807, 809–10 (Bankr.M.D.Fla.1988); *Koffman v. Smith,* 453 Pa.Super. 15, 25 n. 2, 682 A.2d 1282, 1287 n. 2 (1996); *Tyler v. Schnabel,* 34 Conn.App. 216, 220–21, 641 A.2d 388, 390 (1994); *Snellgrove v. Fogazzi,* 616 So.2d 527, 528–29 (Fla.App.1993); *Schall v. Anderson's Implement, Inc.,* 240 Neb. 658, 662, 484 N.W.2d 86 (1992); *Holthaus v. Parsons,* 238 Neb. 223, 224, 469 N.W.2d 536 (1991); *First · State Bank v. McConnell,* 410 N.W.2d 139, 140 n. 1 (N.D.1987); *Production Credit Ass'n of Minot v. Klein,* 385 N.W.2d 485, 487 n. 2 (N.D.1986); *Blankenship v. Myers,* 97 Idaho 356, 366, 544 P.2d 314, 324 (1975); *Vinlis Const. Co. v. Roreck,* 67 Misc.2d 942, 944–45, 325 N.Y.S.2d 457, 460–61 (1971). *But see Carroll Industries,* 153 B.R. at 102; *Gherman,* 103 B.R. at 331; *Cannon v. Whitman Corp.,* 212 Ill.App.3d 79, 155 Ill.Dec. 503, 507, 569 N.E.2d 1114, 1118, *appeal denied,* 141 Ill.2d 536, 162 Ill.Dec. 483, 580 N.E.2d 109 (1991).

**B.** *Under Massachusetts Law is the Statute of Limitations under the UFTA Procedural or Substantive?*

In support of their Motion for Summary Judgment, the Defendants argue that the Trustee's complaint is time-barred as it was filed more than four years after the alleged fraudulent transfer. According to the Defendants, because statutes of limitations are procedural in Massachusetts and because current procedure controls a prior cause of action, the statute of limitations period included in the UFTA should be applied retroactively to preclude the avoidance of the 1991 transfer. Citing *Anderson v. Phoenix Investment Counsel of Boston, Inc.,* 387 Mass. 444, 453–454, 440 N.E.2d 1164 (1982),[3] and

---

**3.** In *Anderson,* the Supreme Judicial Court considered whether an amendment to a general statute of limitations (Mass. Gen. Laws ch. 260) applied to ch. 93A claims that had already accrued. While the Supreme Judicial Court held that the new limitations period could not be applied against the plaintiffs to time-bar their claim because the new statute did not afford them a full and ample time to commence their suit, it observed the following:

The general rule is that if a statute of limitations does not contain language clearly limiting its application to causes of action arising in the future, then it controls future procedure in reference to previously existing causes of action. If a statute of limitations restricts the time for enforcing such accrued rights, it is constitutional if there is a reasonable time after the enactment of the statute for enforcing these rights.

*Cioffi v. Guenther,* 374 Mass. 1, 3, 370 N.E.2d 1003 (1977),[4] the Defendants argue that if a statute of limitations does not contain language restricting its application to causes of action arising in the future, it controls future procedure with reference to a previously existing cause of action.

The Trustee argues that the UFCA is the applicable statute. She distinguishes the cases cited by the Defendants from the present facts and claims that the issue in the Defendants' cases was merely whether an amendment to a statute of limitations should be applied retroactively. The Trustee argues that because the UFTA entirely replaced the UFCA and because the UFTA contains many provisions that differ from the UFCA, the UFTA created a new statutory scheme. While conceding that remedial or procedural statutes may be applied retroactively, the Trustee argues that the UFTA is a wholly new statute dealing with substantive rights, not a mere alteration of a limitations period. Citing *Moakley v. Eastwick,* 423 Mass. 52, 666 N.E.2d 505 (1996),[5] and *Local 589, Amalgamated Transit Union v. Massachusetts Bay Transportation Authority,* 414 Mass. 323, 607 N.E.2d 1011 (1993),[6] the Trustee maintains that Massachusetts statutes affecting substantive rights cannot be applied retroactively.

## VI. DISCUSSION

The Trustee's complaint is predicated upon § 544(b) of the Bankruptcy Code, which provides in relevant part the following:

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b). Accordingly, applicable law is either Massachusetts' version of the UFCA or its version of the UFTA, depending upon which version of the statute applies to the alleged fraudulent transfer.

■ No courts in Massachusetts have addressed the issue of whether the UFTA should be applied retroactively. Therefore, this Court must predict what the Supreme Judicial Court would hold. *In re Miller,* 113 B.R. 98, 101 (Bankr.D.Mass.1990)("When the highest court has not addressed the issue, the Bankruptcy Court should not regard lower court rulings on the issue as dispositive.... [I]t should attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state."). The Defendants concede that, if the Supreme Judicial Court were to rule that the UFTA should not apply to transfers that preceded its enactment, then the Trustee's action would not be time-barred. Likewise, the Trustee concedes that, if the Supreme Judicial Court were to hold that the UFTA should be applied retroactively, then she could not pursue an avoidance action because the alleged fraudulent transfer took place more than four years before the filing of the Debtor's bankruptcy petition as well as her adversary proceeding. This Court concludes that the highest court in Massachusetts would find that the UFTA,

---

387 Mass. at 453–54, 440 N.E.2d 1164 (citations omitted).

**4.** In *Cioffi,* the Supreme Judicial Court examined the interaction between a new, three-year statute of limitations (Mass. Gen. Laws ch. 231, § 60D) for medical malpractice and the previous, more general statute of limitations (Mass. Gen. Laws ch. 260, § 7), which required the commencement of an action within three-years of a minor reaching majority. The court commented that the new statute applied because the plaintiffs were granted a reasonable time to commence their suit.

**5.** In *Moakley,* the Supreme Judicial Court held that works of art created before the effective date of the Art Preservation Act were not affected by provisions of the act. In comparing substantive to procedural rights, the court commented that "only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights ... commonly are treated as operating retroactively." 423 Mass. at 57, 666 N.E.2d 505.

**6.** In holding that a newly implemented statutory provision did not override a preexisting contrary provision in a *Massachusetts Bay Transportation Authority* collective bargaining agreement, the Supreme Judicial Court stated, "[a] statute dealing with substantive rights operates prospectively when there is no clear legislative intent that it be retroactive." 414 Mass. at 328, 607 N.E.2d 1011.

with its four-year statute of limitations, should not be applied retroactively.

In determining whether a statute should be applied retroactively, the Supreme Judicial Court has consistently utilized the following standard:

> The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the preexisting state of the law and the effect upon existing rights, remedies and obligations.... It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.

*Child Support Enforcement Division of Alaska v. Brenckle,* 424 Mass. 214, 219, 675 N.E.2d 390 (1997) (quoting *Hanscom v. Malden & Melrose Gaslight Co.,* 220 Mass. 1, 3, 107 N.E. 426 (1914)). Upon a close reading of the UFTA and an examination of the cryptic language of chapter 157 ("The General Laws are hereby amended by striking out Chapter 109A and inserting in place thereof the following chapter"), this Court fails to detect any legislative intention for the UFTA to apply retroactively. Because the legislature intended to delete the UFCA and to codify the UFTA in the same chapter as the UFCA, the Court agrees with the majority rule and concludes that the UFTA is not a statue that should be applied retroactively.

Additional support for the majority rule is provided by the substantive provisions of the UFTA that differ from those of the UFCA and by the inclusion of provisions in the UFTA which are not included in the UFCA. In particular, the UFTA, unlike the UFCA, contains its own statute of limitations, which has been determined to be a statute of repose in some jurisdictions. *See In re Princeton–New York Investors, Inc.,* 199 B.R. 285, 293 n. 4 (Bankr.D.N.J. 1996)(New Jersey's version of the UFTA "is a statute of repose because it embodies the most distinctive characteristic of a statute of repose, the barring of the right to bring an action rather the remedy prescribed."); *First Southwestern Financial Services v. Pulliam,* 121 N.M. 436, 912 P.2d 828, 830 (App. 1996)("The UFTA operates in the same manner as other statutes of repose that extinguish a cause of action as of a certain date rather than simply blocking the remedy."). As the court noted in *Dasha v. Maine Medical Center,* 5 Mass. L. Rptr. 601, 1996 WL 365995 (1996),

> A statute of limitations does not begin to run until the date of the injury or the date when the injury is or reasonably should have been discovered. A statute of repose ... places an absolute time limit on liability 'even if the plaintiff's injury does not occur, or is not discovered until after the statute's time limit has expired.'

1996 WL 365995 at *4 (citations omitted). The statute of limitations set forth in § 10 of the UFTA has characteristics of a statute of repose. Moreover, it is contained within the UFTA itself. Thus, although statutes of limitations normally control future procedure with respect to previously existing causes of action unless specific language clearly limits their application to causes of action arising in the future, *Anderson v. Phoenix Investment Counsel of Boston, Inc.,* 387 Mass. 444, 440 N.E.2d 1164 (1982); *Mulvey v. Boston,* 197 Mass. 178, 83 N.E. 402 (1908), where the statute of limitations is contained in the act itself and has the characteristics of a statute of repose, the statute of limitations cannot be viewed a merely procedural. *Rose v. Harwich* 778 F.2d 77, 80–81 (1st Cir.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986)("Massachusetts precedent reveals that its courts describe a statute of limitations as defeating 'jurisdiction' when that statute is incorporated into a substantive statue ... so as to extinguish not only the plaintiff's 'remedy' in the Massachusetts courts but also the underlying substantive 'right.' "). In short, the UFTA effectuated a substantive change in the law.

Decisions from other jurisdictions support the view that the UFTA is substantive, not remedial. *See Bacon,* 82 F.3d at 824 ("Because the Transfer Act, through its extinguishment provision, seeks to affect the government's substantive right to bring a

fraudulent transfer action, we hold that it should not have been applied here."); *In re Fleet,* 122 B.R. at 915 ("[T]he UFTA over-hauled the UFCA in numerous substantive aspects."); *In re Martin,* 142 B.R. 260, 264 (Bankr.N.D.Ill.1992)("A remedial statute provides remedy to an injured person that would not otherwise be available.... UFTA [is] not remedial ... because [it] did not create a remedy that would not other-wise be available but codified a right that was created by the English common law."); *Snellgrove,* 616 So.2d at 528 ("UFTA is not remedial, as it made significant substantive changes in the law of fraudulent transfers"); Michael L. Cook and Richard E. Mendales, *The Uniform Fraudulent Transfer Act: An Introductory Critique,* 62 Am.Bankr.L.J. 87(1988)("The UFTA contains important changes from the UFCA, both in structure and in substance.").[7]

Finally, the cases cited by the Defendants to support a retroactive application of the UFTA are not persuasive. The first case, *Gherman,* has been criticized by both state and federal courts. *See Smith,* 110 B.R. at 598–99; *Snellgrove,* 616 So.2d at 528. The second case, *Carroll Industries,* is factually distinguishable because the court, applying 11 U.S.C. §§ 108(a) and 546(a), determined that "[o]n the facts of the present case this retroactive application [of the UFTA] still gave the complaining parties time to pursue a cause of action." 153 B.R. at 102. There, the alleged fraudulent transfer occurred on December 12, 1985. The UFTA replaced the UFCA and became effective January 1, 1988, prior to the filing of the debtor's petition on February 23, 1989. The issue before the court was which of the two state statutes, the UFCA or the UFTA, applied to the fraudu-lent conveyance action. Citing a single New Hampshire Supreme Court decision concern-ing the retroactivity of a statute changing the age of majority from which the timeliness of tort claims would be computed, the bankrupt-cy court, without discussing the state court decision upon which it relied, or any of the

cases cited by the Trustee in the instant case, predicted that "the New Hampshire courts would apply retroactively the statute of limi-tations included in the Uniform Fraudulent Transfer Act...." 153 B.R. at 102. The Court concludes that the UFTA does more than regulate practice, procedure and evi-dence, and should only be applied prospec-tively. Accordingly, the Court concludes that the Trustee's complaint under the UFCA is not time-barred.

## VII. CONCLUSION

In view of the overwhelming weight of authority and the absence of compelling anal-yses in the decisions cited by the Defendants, this Court predicts that the Supreme Judicial Court would conclude that the legislature intended the UFTA to apply prospectively. Accordingly, the Court denies the Defen-dants' Motion for Summary Judgment.

---

7. These commentators further state the follow-ing:

The important changes include new provisions making transfers to insiders voidable; general-ly enhanced creditors' remedies against trans-ferees; a new, generally applicable statute of limitations; a new, more objective definition of

insolvency than the one in the Bankruptcy Code ...; elimination of the 'good faith' re-quirement contained in the UFCA's definition of 'fair consideration;' a statutory enumeration of 'badges of fraud;' and certain new defenses for fraudulent transfer defendants.

62   Am.Bankr.L.J. at 87–88.