Brassard, J.
Amos Partnership and Federal Refinance Co., Inc. are partners in Federal Financial Company (“Federal Financial”), the plaintiff. Federal Financial has brought this action to set aside, as fraudulent, a conveyance of shares of stock from Edward C. Davis to Linda J. Davis. This matter is presently before the court on the defendants’ motion to dismiss or for summary judgment. Defendants come forward with the following three arguments in support of their motion: (1) the action is barred by a six year statute of limitations, (2) the action is barred *539 by a prior supplementary process proceeding, and (3) the plaintiff cannot come forward with any evidence that the conveyance was fraudulent. For the reasons stated herein the motion to dismiss or for summary judgment is DENIED.
DISCUSSION
I.Uniform Fraudulent Transfer Act, M.G.L.c. 109A
The Uniform Fraudulent Transfer Act (‘Transfer Act”) was enacted in July of 1996 and replaced the Uniform Fraudulent Conveyance Act (“Conveyance Act"). M.G.L.c. 109A, §1. Section 10 of the Transfer Act provides a time limitation for commencement of actions under the Transfer Act. In contrast, the Conveyance Act did not have a provision regulating limitations of actions. The present action was filed after the Transfer Act was enacted, however, the transaction at issue in this case occurred when the Conveyance Act was in force.
Here, both parties assert that the Conveyance Act is the law of this case because: (1) the disputed transaction took place when the Conveyance Act was in force and (2) the Transfer Act does not apply retroactively. There appears to be no Appeals Court or Supreme Judicial Court case to support the parties’ conclusion that the Transfer Act does not apply retroactively. However, a recent Bankruptcy Court decision addressed the issue and concluded that the Transfer Act is not retroactive. In In re Granderson, 214 B.R. 671, 675 (Bkrtcy. D.Mass. 1997), the Bankruptcy Court concluded “that the highest court in Massachusetts would find that the [Transfer Act], with its four year statute of limitations, should not be applied retroactively.” The court reasoned that the enactment of the Transfer Act “effectuated a substantive change in the law.” Id. at 676. This court is persuaded by the reasoning of In re Granderson, 214 B.R. 671, 675 (Bkrtcy. D.Mass. 1997), and holds that the Conveyance Act will be applied to this case because it was in effect at the time the disputed transfer occurred.
II.The Statute of Limitations Under the Conveyance Act
The Conveyance Act does not contain a period of limitation provision. Therefore, the court must apply the “period of limitation applicable to the underlying claim.” Mosley v. Briggs Realty, Co., 320 Mass. 278, 285 (1946); Foster v. Evans, 384 Mass. 687, 697 (1981). In Foster v. Evans, a creditor sought to reach property that was alleged to have been fraudulently conveyed by a judgment debtor and to apply that property toward satisfaction of a superior court judgment. The Supreme Judicial Court applied the twenty year period of limitation applicable to actions on judgments. In the present case, the plaintiff brings this Superior Court action to set aside, as fraudulent, a conveyance of stock and to apply the stock toward satisfaction of a judgment. Accordingly, this court follows Foster v. Evans and applies the twenty year statute of limitations applicable to actions on judgments.
III.The Supplementary Process Proceeding
In the present case, Federal Financial brought a complaint for supplementary process in the Framing-ham District Court. The court ordered Davis to pay $1,800 per month to Federal Financial in order to satisfy a Superior Court judgment and Davis has been making those payments. Federal Financial now seeks (1) to set aside a 1990 conveyance of stock between Edward Davis and his wife on the ground that the transfer was fraudulent and (2) to reach and apply Edward Davis shares of the stock to satisfy the judgment.
The purpose of the supplementary process statute “is to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation.” Aetna Cas. And Sur. Co. v. Rodeo Autobody, 965 F.Sup. 104, 107 (D.Mass. 1996), citing to Goldman v. Adlman, 291 Mass. 492 (1935). This court is not aware of an authority that stands for the proposition that a supplementary process proceeding has preclusive effect on a subsequent action to set aside a fraudulent conveyance.[3] Accordingly, the court concludes that the supplementary process proceeding is not a bar t the present action.
IV.Summary Judgment
This court grants summary judgment where the record establishes that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In the present case the facts surrounding transfer of the stock are in dispute, therefore, summary judgment must be denied.
ORDER
For the reasons stated herein, it is hereby ORDERED that the defendants’ motion to dismiss or for summary judgment is DENIED.

 The cases cited by the parties on this point were not helpful to the court. In support of the proposition that the present action is not barred as a result of the supplementary process proceeding, Federal Financial cites to Scourtis v. Bililies, 335 Mass. 290 (1957). However, the facts of that case were substantially different from the facts in the present case. In Scourtis v. Bililies, the plaintiff moved to have supplementary process proceedings dismissed and then the plaintiff initiated an action in superior court to reach and apply the defendants’ interest in certain stock. The Court stated that “where there is an order to the debtor to execute and deliver to the judgment creditor a transfer, assignment, or conveyance of property not exempt from being taken on execution . . . the creditor may refuse to accept it and his refusal shall not impair his right to have his execution satisfied in whole or in part by a levy on other property in the manner provided *540 by law.” Id. at 292. In the case at bar, the supplementary process proceeding has not been dismissed, nor have payments been refused.
The Davises cite to Goldman v. Adlman for the proposition that the supplementary process proceedings act as a bar to a subsequent action to satisfy a judgment. That case is also inapposite Goldman v. Adlman, 291 Mass. 492 (1935) (in a supplementary process proceeding in municipal court, the court had jurisdiction of the question whether the creditor’s claim was barred by the debtor’s discharge in bankruptcy and where the court made findings and rulings on that question, without either party seeking review, the adjudication of that issue was final).